# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| ANTHONY DWAYNE KNIGHT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-102 |
| | ) | CR609-048 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

After withdrawing a previous 28 U.S.C. § 2255 motion that sought to invalidate a career offender sentencing enhancement (docs. 1169, 1172),[1] Anthony Knight now seeks § 2255 relief again. Doc. 1177. This time, however, he asks the Court to reduce his sentence in light of a November 1, 2015 amendment to the Sentencing Guidelines' "mitigating role" adjustment. *Id.* at 4; U.S.S.G. § 3B1.2. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

---

[1] All citations are to the criminal docket in CR609-048 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

In his first post-conviction motion, Knight tried to "file for the retroactivity in the *Johnson* case."[2] Doc. 1168 at 1. He had never before filed a § 2255 motion, but the relief he sought was only available pursuant to that provision. *See* doc. 1170 at 2. The Court thus notified him that it intended to recharacterize his motion accordingly, and warned him of the potential consequences for any subsequent § 2255 motions (like this one) should it be denied. *Id.* at 2-3. Knight ultimately (and wisely) withdrew his motion and avoided triggering those consequences. Doc. 1172.

In his present motion (legally his "first" under § 2255), Knight

---

[2] *See Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) (holding that sentencing enhancements imposed under the Armed Career Criminal Act's (ACCA) residual clause violate due process).

Under the ACCA, defendants receive enhanced sentences if they are convicted under 18 U.S.C. § 922(g) and have three prior convictions that are violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as an offense punishable by imprisonment for more than one year which "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (residual clause emphasized). *Johnson* found the ACCA's "residual clause" to be unconstitutionally vague. 135 S. Ct. at 2557-58. Knight received a career offender Guidelines enhancement, not an ACCA sentence, so *Johnson* did not apply. *See United States v. Matchett*, 802 F.3d 1185, 1193-94 (11th Cir. 2015) (*Johnson*, and its void for vagueness rationale, does not apply to the Guidelines).

points out that he originally received no mitigating role adjustment to his Guidelines sentence because he was classified as a career offender. Doc. 1177 at 4. Amendment 794 to U.S.S.G § 3B1.2, he says, changes something about that (what, he does not say) and entitles him to resentencing. *Id.*

That amendment merely "clarified the factors to consider for a minor-role adjustment" -- it did not substantively change § 3B1.2. *United States v. Casas*, 632 F. App'x 1003, 1004 (11th Cir. 2015); *see also United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). "The threshold inquiry," therefore, "is whether [Knight's] claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998).

*Burke* mirrors this case, the only salient differences being the Guidelines enhancement at issue (obstruction of justice there, "minor role" here) and the number of the amendment underlying the defendant's claim (794 here, 347 in *Burke*). *Id.* at 1330. By voluntarily dismissing his appeal before decision, Burke effectively didn't appeal, just

3

like Knight. *Id.* at 1331. Then, two years after Burke's sentencing (almost five years in Knight's case), the Sentencing Commission "added amendment 347 to the obstruction-of-justice enhancement provision." *Id.* Burke, also like Knight, "subsequently moved pursuant to 28 U.S.C. § 2255 for a modification and correction of his sentence based on this amendment." *Id.*

Because "§ 2255 is not a substitute for direct appeal," the Eleventh Circuit held that "nonconstitutional claims" like Burke's and Knight's "can be raised on collateral review only when the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Burke*, 152 F.3d at 1331 (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)). "Insofar as amendment [794] is a clarifying amendment effecting no change in the substantive law, [Knight]," like Burke, "was afforded the opportunity to" challenge the denial of a minor role adjustment "at his original sentencing and on direct appeal." *Id.* at 1332. He never did.[3] "Considering all of the

---

[3] After he pled guilty to conspiracy to possess with intent to distribute crack, cocaine,

4

circumstances, [the Court] cannot say that the alleged mis-application of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Id.*

Accordingly, Anthony Knight's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

---

marijuana, and ecstasy, the Court sentenced Knight to 136 months' imprisonment. Doc. 765 at 1-2. Perhaps because of the appeal waiver in his plea agreement (doc. 777 at 9), he never appealed, and nothing in the record reveals an objection to his Guidelines sentence calculation. *See* 748 (Knight's sentencing memorandum pleading for leniency, but never raising any concerns about a foregone minor role reduction, or the legality of the career offender enhancement he received).

**SO REPORTED AND RECOMMENDED,** this 29th day of July, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA